UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV223-EHJ

HAROLD GARNETT                                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Harold Garnett seeks Disability Insurance and Supplemental Security Income benefits which were denied by the Commissioner. The matter was referred to United States Magistrate Judge W. David King who recommends that the Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner should be affirmed.

I. Introduction

Mr. Garnett filed his application for disability benefits alleging that he became disabled by neck, back, leg pain, scoliosis, and seizures (Tr. 104). After a hearing on October 22, 2004, Administrative Law Judge James Craig ("ALJ") determined that Mr. Garnett suffers from severe impairments of spinal pain and limitation, status-post a remote (1996) cervical injury and surgery, depressive disorder, borderline intellectual functioning, and a substance addiction disorder, but that these impairments do not meet or medically equal listed impairments (Tr. 21). In addition, the ALJ considered the plaintiff's longstanding history of alcohol and cocaine addiction (Tr. 22). Though he cannot return to his past relevant work, the ALJ found that plaintiff retains the residual functional capacity to perform some light work. Plaintiff has appealed from this unfavorable Decision.

II. Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even though the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

III. History of Claimant's Complaints

Plaintiff complains of back problems, and has had scoliosis since childhood. In 1996, he suffered an injury to his neck while working which ultimately resulted in an anterior cervical discectomy and fusion at C5-6 and C6-7 by Dr. Robert Meriwether. Plaintiff states that he continues to have neck pain and radiculopathy in his upper right extremity. The records indicate that hardware from the discectomy may be malfunctioning. Additional surgical intervention has been

recommended by Dr. Meriwether, but was rejected by the claimant. The record further indicates that plaintiff became addicted to pain medications and according to the claimant, once Dr. Meriwether eliminated those medications, he turned to drugs and alcohol for pain relief.

In addition to the substance abuse mentioned above, the claimant suffers from mental problems including borderline intellectual functioning. He was incarcerated for stabbing his wife. He has been treated for mental problems with antidepressants, Thorazine, and Remeron and with hospitalization at Western State Hospital. Plaintiff claims that his mental difficulties stem from abuse he suffered during grade school at the hands of a teacher.

Since his release from incarceration, the claimant has been treated by Dr. Michael Chunn, whose treatment has primarily been to prescribe pain medications. On August 31, 2004, Dr. Chunn completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) form wherein he assigned disabling physical limitations.

IV.  Plaintiff's Objections

Plaintiff contends that the ALJ's Decision is erroneous in the following areas: A) the disabling opinions of treating physician Dr. Chunn should have been given controlling weight; B) the ALJ did not properly consider Section 1.04 and 12.05C of the Listings; C) the ALJ's RFC finding is insufficient because it does not contain a function by function analysis as required by SSR 96-8p; D) the ALJ did not properly evaluate the claimant's subjective complaints and credibility; E) the ALJ failed to properly evaluate certain vocational factors at Step Five; and F) the ALJ committed other cumulative errors that constitute reversible error.

A. <u>The disabling opinions of treating physician Dr. Chunn should have been given controlling weight</u>.

Plaintiff contends that it was error for the ALJ to not give controlling weight to the disabling opinions of Dr. Chunn, his treating physician. At the heart of plaintiff's objection is the application of the what is commonly called the "treating physician rule." He urges that the disabling opinions of Dr. Chunn should have been given controlling weight under this rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

Plaintiff argues that it was error for the ALJ to reject the disabling opinions of Dr. Chunn, as he is a treating physician and his assessment is not inconsistent with other substantial evidence in the record. He urges that the opinions of Dr. Chunn are the best and only current opinions regarding plaintiff's condition. The plaintiff characterizes the ALJ's Decision as relying upon "specious or selective interpretations of other physicians' comments" when concluding "without foundation" that Dr. Chunn's opinions were not supported by objective findings and were inconsistent with other substantial evidence of record. After a thorough review of the record, the Court disagrees with this assessment, and finds that the ALJ articulated sufficient reasons for rejecting the more limiting opinions of Dr. Chunn. While this Court might have weighed the evidence of record differently, it is bound to affirm the ALJ's Decision because Dr. Chunn's records are in fact inconsistent with his own treatment records and with other substantial medical evidence.

Plaintiff also argues that the ALJ erred in failing to evaluate every medical opinion and explain its weight accorded under 20 C.F.R. §404.1527(d) criteria. This Court agrees with plaintiff that even if the ALJ declined to give Dr. Chunn's opinions controlling weight, he was required to determine how much weight the opinions should be accorded, and explain his reasoning, 20 C.F.R. §404.1527(d)(2); Social Security Ruling 96-2p. It is true that the ALJ failed to enumerate the factors set forth in 20 C.F.R. §404.1527(d) in his Decision; however, the Decision does address such matters as supportability, consistency, and analysis of the types of treatment provided. An ALJ's omission of a discussion of these factors in the Decision is not fatal, as such decisions are not held to a standard of perfection. Furthermore, this Court is allowed to look at any evidence contained in the administrative record to determine whether the ALJ's ultimate findings are supported, regardless of whether that evidence was referenced within the ALJ's decision, Walker v. Secretary, 884 F.2d 241, 245 (6th Cir. 1989). It is harmless error for the ALJ decision to omit discussion of pertinent evidence if the Court can determine, in light of the record as a whole, that the ALJ's decision is based on substantial evidence, Heston v. Commissioner, 245 F.3d 538, 535-536 (6th Cir. 2001). The Court finds that the Decision of the ALJ is adequately supported by substantial evidence and that the ALJ's failure to recite the 20 C.F.R. §404.1527(d) factors is not reversible error.

B.  The ALJ did not properly consider Sections 1.04 and 12.05C of the Listings.

In order to meet or equal the requirements of a listed impairment, a claimant must demonstrate specific findings that duplicate the enumerated criteria of the listed impairment.[1]

---

[1] Counsel for plaintiff indicates that he was constrained and unable to flesh out this argument in his Fact and Law Summary by a page limitation. The Court points out that there is no longer a ten-page limit in effect, and that the standard social security order entered in this case at Docket Number 5 does not contain any such limitation.

5

Section 1.04 of the Listings addresses disorders of the spine, and lists criteria for establishing disability per se for claimants with disorders of the spine. The Listing requires "A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex loss and . . . positive straight-leg raising test . . ." Plaintiff argues that his condition meets the criteria of this listing by pointing to evidence of neuro-anatomic distribution of pain, limitation of motion of the spine, muscle weakness, and reflex loss references contained in the record, suggesting that these references prove nerve root compression. However, the record also contains an October 26, 2004 MRI which shows no nerve root compression (Tr. 465-6). Additionally, in Dr. Lusco's report, the claimant was found to have normal motor and sensation, and normal straight leg raise on the left. Thus, there is ample evidence of record that refutes plaintiff's allegation that he meets Listing 1.04. Accordingly, the Court finds no reversible error.

Listing 12.05 defines "mental retardation" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." In his Decision, the ALJ found that plaintiff's listing level IQ scores were alone insufficient to meet the requirements of the Listing. At issue were findings made by psychological consultative examiner Bruce Amble, who administered IQ tests to plaintiff which yielded the following scores: a full scale IQ score of 66, a verbal IQ score of 72, and a performance score of 67 (Tr. 296). Based upon these scores, Dr. Amble diagnosed mild mental retardation (Tr. 300), while nonetheless noting that the scores were affected by plaintiff's apparent mood problems and stress with his neck problems (Tr. 299). These tests were also administered during a period in which plaintiff was consuming alcohol.

Reviewing psychologist Dr. Vandiver did not diagnose mild mental retardation. In addition, Dr. Wagner testified at the hearing and opined that claimant's true functioning is more likely in the borderline range.  The ALJ properly considered the opinions of record as well as the evidence of plaintiff's previous levels of functioning in giving greater weight to the opinions of the reviewing psychologists over those of the consultative examiner.  For these reasons, the Court finds no reversible error.

C.     The ALJ's RFC finding is insufficient.

Plaintiff urges that the ALJ's residual functional capacity ("RFC") determination is flawed because it does not contain a function by function analysis, and because it is based upon "vague and conclusory" vocational comments contained within the medical records which do not support the ALJ's RFC conclusions.  SSR 96-8p simply requires that the ALJ consider all medical opinions in determining an appropriate RFC, not that each of the medical opinions contain a function by function analysis in order to be considered or relied upon.  Furthermore, the claimant bears the burden of proof in establishing his RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).  It appears that the ALJ properly considered the medical opinions of record, and the Court is unpersuaded by plaintiff's argument.

D.     The ALJ did not properly evaluate the claimant's subjective complaints and credibility.

Plaintiff argues that the Commissioner erred as a matter of law in assessing his credibility. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider

7

>the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

>1) Your daily activities;
>2) The location, duration, frequency, and intensity of your pain or other symptoms;
>3) Precipitating and aggravating factors;
>4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ determined that the record does not support the claimant's testimony regarding the intensity and persistence of his allegedly disabling symptoms (Tr. 26). In the paragraphs addressing credibility, the ALJ finds it significant that the plaintiff's complaints have long been treated conservatively, and that the medical evidence does not support the level of pain that plaintiff alleges. Despite allegations of chronic pain, claimant has demonstrated full range of motion of the shoulders and nearly full range of motion of the hips. Additionally, plaintiff sought treatment only a few times while incarcerated, and discontinued pain management treatments despite their apparent effectiveness. Giving the plaintiff the benefit of the doubt, the ALJ concluded that the claimant likely may suffer some residual pain and limitation, yet the ALJ did not find that they would preclude all work activity (Tr. 26). The record also contains evidence of plaintiff assisting

8

a friend with lifting in January of 2003 (Tr. 282); such activity is inconsistent with the degree of pain alleged by plaintiff.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of his credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly with regard to the inconsistencies between plaintiff's testimony and the objective medical evidence. Accordingly, the Court declines to disturb the ALJ's credibility findings.

E.   The ALJ failed to properly evaluate certain vocational factors at Step Five.

Plaintiff claims that the controlling hypothetical posed to the vocational expert ("VE") failed to include specific exertional and non-exertional factors, such as the claimant's pain. In addition, the photocopy machine operator and sedentary surveillance systems monitor jobs identified by the VE require skills that would be precluded by the claimant's mental capacity and education. While counsel points to the DOT work descriptions as evidence that claimant could not perform these activities, he declined to cross-examine the VE on these issues at the hearing. Counsel has gone to great lengths in his exception to describe with particularity the contents of the DOT with regard to these jobs, but the ALJ properly relied upon the VE testimony that there was no conflict between

his testimony and the DOT. The Court is not persuaded that the claimant is precluded from these jobs, or that the controlling vocational hypothetical was flawed.

F.      The ALJ committed other cumulative errors that constitute reversible error.

The claimant further identifies several other assignments of error, including the ALJ's failure to consider the claimant's headaches, his history of physical and mental abuse, x-ray findings of spinal stenosis and scoliosis, the daily fluctuations of his pain, and the combinations of his pain and mental impairments. In light of the foregoing analysis, the Court declines to find any of these complaints as constituting reversible error.

V. Conclusion

The ALJ has complied with applicable law in stating sufficient reasons to reject the largely unsupported opinions of Dr. Chunn and in making his credibility determinations. In addition, the ALJ's RFC and vocational findings are supported by substantial evidence and are entitled to this Court's deference. Regardless of whether this Court would have weighed the evidence differently to reach a different conclusion, there is no legal error in the ALJ's handling of these issues. The Report and Recommendation of the Magistrate Judge is adopted and the Decision of the Commissioner affirmed.

A Judgment in conformity with this Memorandum Opinion has this day entered.